**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  05-cv-00585-REB-MJW

RICHARD MUNDELL,

      Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF SAGUACHE COUNTY,
LARRY ZIMMER, individually and in his official capacity as Director of the Saguache County Department of Social Services,
ESTHER LOBATO, individually and in her official capacity as Income Maintenance Supervisor for the Saguache County Department of Social Services, and
ELIZABETH GARCIA, individually and in her official capacity as eligibility technician for the Saguache County Department of Social Services,

      Defendants.
_____

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
_____

**Blackburn, J.**

      The matters before me are (1) defendants' **Motion For Summary Judgment and Brief in Support** [#57], filed May 2, 2006; and (2) defendants' **Motion For Trial Continuance** [#95], filed January 5, 2007.  I grant the motion for summary judgment and deny the motion to continue the trial as moot.

### I.  JURISDICTION

      I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343(a)(4) (violation of civil rights).

### II.  STANDARD OF REVIEW

      Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  **F**ED.**R.C**IV.**P.** 56(c);

***Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party. ***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); ***Farthing v. City of Shawnee***, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); ***Farthing***, 39 F.3d at 1134.

     A party who does not have the burden of proof at trial must show the absence of a genuine fact issue.  ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1517 (10th Cir. 1994), ***cert. denied***, 115 S.Ct. 1315 (1995).  Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  ***Concrete Works***, 36 F.3d at 1518.  All the evidence must be viewed in the light most favorable to the party opposing the motion.  ***Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services***, 165 F.3d 1321, 1326 (10th Cir.), ***cert. denied***, 120 S.Ct. 53 (1999).  However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence.  ***Rice v. United States***, 166 F.3d 1088, 1092 (10th Cir.), ***cert. denied***, 120 S.Ct. 334 (1999).

### III.  ANALYSIS

     Plaintiff, who is disabled, has been receiving Medicaid benefits since 1997.  On March 17, 2003, during a yearly review of plaintiff's continuing eligibility for Medicaid

benefits, defendant Elizabeth Garcia informed plaintiff that his ownership of three mobile homes and a lot put him over the $2,000 qualifying resource limit and, therefore, that his benefits would be terminated effective March 31, 2003. The County issued a notice to that effect on March 19, 2003, and plaintiff filed a request for a hearing on March 27, 2003. Although, pursuant to applicable regulations, this request should have continued plaintiff's benefits pending the outcome of the hearing, *see* 42 C.F.R. § 431.230(a), his Medicaid benefits were, in fact, terminated as of March 31, 2003. Plaintiff's benefits were ultimately reinstated after an administrative law judge found that the agency had erred in its determination. Plaintiff subsequently filed this suit, alleging that the erroneous denial of his Medicaid benefits violated his rights under the Medicaid Act, 42 U.S.C. §§ 1396-1396v, and his constitutional right of due process of law. I previously granted defendants' Rule 12(b) motion to dismiss plaintiff's Medicaid Act claims. (***See*** Order Re: Defendants' Motion to Dismiss [#27], filed September 2, 2005.) Defendants now seek summary judgment as to plaintiff's claim for violation of his rights of due process.

     Initially, it is clear beyond cavil that the Eleventh Amendment prohibits plaintiff's claims for monetary damages against the individual defendants in their official capacities. The Eleventh Amendment prohibits litigants from bringing suit against the state in federal court unless the state waives that immunity or Congress acts pursuant to its authority under the Fourteenth Amendment to override it. **Will v. Michigan Dept. of State Police**, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309-10, 105 L.Ed.2d 45 (1989) (citing **Welch v. Texas Department of Highways and Public Transportation**, 483

U.S. 468, 472-473, 107 S.Ct. 2941, 2945-2946, 97 L.Ed.2d 389 (1987) (plurality opinion)). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . is no different from a suit against the State itself," *id.*, 109 S.Ct. at 2312 (internal citations omitted), and is thus barred by the Eleventh Amendment.  This same immunity extends not only to states and state officials *per se*, but further to "arms of the state" and their employees. **See Sturdevant v. Paulsen**, 218 F.3d 1160, 1164 (10th Cir. 2000).  Under Colorado law, county social services departments are considered arms of the state.  **Romero v. City and County of Denver Department of Social Services**, 57 Fed. Appx. 835, 837 (10th Cir. Jan. 31, 2003); **Cobb v. City and County of Denver**, 761 F.Supp. 105, 106 (D. Colo. 1991).  Accordingly, the individual defendants are immune from any claim for monetary damages in their official capacities, and to such extent, their motion for summary judgment should be granted.

This determination leaves intact plaintiff's claims against the individual defendants in their individual capacities, as well as his claims against the Board of County Commissioners.  With respect to these claims, however, plaintiff has failed to demonstrate that his constitutional right of due process was violated.  Although there is no dispute that plaintiff enjoys a protected property interest in continuation of his Medicaid benefits of which he cannot be deprived without due process of law, **see Goldberg v. Kelly**, 397 U.S. 254, 262, 90 S.Ct. 1011, 1017, 25 L.Ed.2d 287 (1970), "once it is determined that the due process clause applies, 'the question remains what process is due,'" **Cleveland Board of Education v. Loudermill**, 470 U.S. 532, 541,

105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985) (quoting **Morrissey v. Brewer**, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972)).  The most basic requirement of due process is "the opportunity to be heard . . . at a meaningful time and in a meaningful manner."  **Goldberg**, 90 S.Ct. at 1020 (citations and internal quotation marks omitted).  In the context of benefits terminations, "these principles require that a recipient have timely and adequate notice detailing the reasons for a proposed termination, and an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally."  *Id*.

Plaintiff does not contend that the post-deprivation hearing he received was constitutionally deficient under these standards, and clearly, it was more than adequate to satisfy due process.  Moreover, in response to defendants' motion for summary judgment, plaintiff insists that he is not complaining of the lack of a pre-deprivation hearing either.  Rather, plaintiff claims that the gravamen of his complaint is the inadequacy of the notice he received.  Under the regulations governing application of the Medicaid Act, the state agency administering benefits must issue and publicize its hearing procedures and, at the time of any action affecting a recipient's claim, provide him written notice of his right to a hearing, the method by which he may obtain a hearing, and the right to represent himself or be represented by counsel or other spokesperson.  **See** 42 C.F.R. § 431.206.  More specifically, the notice must contain:

> (a) A statement of what action the State, skilled nursing facility, or nursing facility intends to take;
> (b) The reasons for the intended action;
> (c) The specific regulations that support, or the change in Federal or State law that requires, the action;
> (d) An explanation of –

>>(1) The individual's right to request an evidentiary hearing if one is available, or a State agency hearing; or
>>(2) In cases of an action based on a change in law, the circumstances under which a hearing will be granted; and
>
>(e) An explanation of the circumstances under which Medicaid is continued if a hearing is requested.

42 C.F.R. § 431.210.

Plaintiff claims the notice he received "did not provide him with sufficient information about the basis for Defendants' erroneous decision[.]" (Plf. Resp. At 13.) On its face, the Notice of Proposed Action appears to meet all the requirements of the applicable federal regulation. It informs plaintiff that the department intends to terminate his benefits on a date certain, sets forth a reason and specific statutory authority, and details his appeal rights. (***See*** Def. Motion App., Exh. A.) However, the administrative law judge determined that the notice failed to cite the "specific regulations that support . . . the action." Under the section marked "Reason," the notice states:

>Your resources are above the limit. Your assistance will end on the above date. [March 31, 2003].
>3.220 3.360.21 3.460.21 9CCR-2503-1 8.100.5 10CCR2505-10

(Def. Motion App., Exh. A at 1.) For reasons that are not manifest on the record, the department chose to rely solely on the applicability of section 8.100.5 at the administrative hearing.[1] The ALJ found that such a general reference did not comply with a comparable Colorado state regulation, and, thus, that the notice was an

---

[1] It is not clear why the department made this concession, given that the very first cited section provides that "[t]he resource limit for an individual is $2,000," § 3.220.11 C.C.R., the very basis on which plaintiff's benefits were terminated.

insufficient basis on which to terminate plaintiff's benefits. (*See* Def. Motion App., Exh. G at 6.)[2]

This failure, however, does not necessarily a due process violation make. Although "'[a]n agency must conform its actions to the procedures that it has adopted,'" *Blum v. Federal Bureau of Prisons*, 1999 WL 638232 at *5 (10th Cir. Aug. 23, 1999) (quoting *Caldwell v. Miller*, 790 F.2d 589, 609-10 (7th Cir. 1986)), to establish a due process violation, plaintiff must show that he was prejudiced as a result of the insufficient notice, *Long v. Board of Governors of the Federal Reserve System* 117 F.3d 1145, 1158 (10th Cir. 1997). This he has not done.[3] Plaintiff does not argue or demonstrate that he did not know the reason why his benefits were being terminated or that the cited regulations misled or confused him in that regard. Indeed, the text of the administrative law judge's decision strongly implies that plaintiff understood the basis on which the agency purported to terminate his benefits, as he submitted evidence sufficient to convince the ALJ that defendants' assessment of his resources was erroneous.

---

[2] The appellate division upheld the decision on that basis. (*See* Def. Motion App., Exh. J at 1-2.)

[3] The apparent break down in communication between the Division of Administrative Hearings, to which plaintiff sent his request for a hearing, and the department of social services, which did not receive notice of the appeal until some time after it had terminated plaintiff's benefits, does not speak to the constitutionally relevant issue of whether the notice itself was deficient. As I found previously, although defendants' failure to continue plaintiff's benefits pending the outcome of his appeal may constitute a violation of the federal regulation, there is no private right of action available to redress that regulatory violation. (*See* Order Re: Defendants' Motion to Dismiss at 8-9 [#27], filed September 2, 2005.)

Plaintiff, thus, has failed to show that the individual defendants violated his procedural due process rights in terminating his benefits.[4]  Accordingly, they are entitled to summary judgment as to plaintiff's first cause of action.  Moreover, because claims of municipal liability and claims of supervisory liability for failure to train under section 1983 presuppose the existence of an underlying constitutional violation, **Webber v. Mefford**, 43 F.3d 1340, 1344-45 (10th Cir. 1994); **Hinton v. City of Elwood**, 997 F.2d 774, 782 (10th Cir. 1993), plaintiff's remaining causes of action fail as well.

**THEREFORE, IT IS ORDERED** as follows:

1. That defendants' **Motion For Summary Judgment and Brief in Support** [#57], filed May 2, 2006, is **GRANTED**;

2. That plaintiff's remaining claims against defendants are **DISMISSED WITH PREJUDICE**;

3. That judgment **SHALL ENTER** on behalf of defendants and against plaintiff as to all claims and causes of action asserted herein;

4. That the Trial Preparation Conference currently scheduled for Friday, January 19, 2007, at 9:00 a.m., as well as the trial currently scheduled to commence on Monday, February 5, 2007, are **VACATED**;

5. That defendants' **Motion For Trial Continuance** [#95], filed January 5, 2007, is **DENIED AS MOOT**; and

6. That defendants are **AWARDED** their costs to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.Colo.LCivR 54.1.

---

[4] Plaintiff makes no argument that defendants' actions violated his right to substantive due process.

Dated January 12, 2007, at Denver, Colorado.

                                        **BY THE COURT:**

                                        **s/ Robert E. Blackburn**
                                        **Robert E. Blackburn**
                                        **United States District Judge**