**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  05-cv-00585-REB-MJW

RICHARD MUNDELL,

      Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF SAGUACHE COUNTY,
LARRY ZIMMER, individually and in his official capacity as Director of the Saguache
County Department of Social Services,
ESTHER LOBATO, individually and in her official capacity as Income Maintenance
Supervisor for the Saguache County Department of Social Services, and
ELIZABETH GARCIA, individually and in her official capacity as eligibility technician for
the Saguache County Department of Social Services,

      Defendants.
_____

**ORDER RE: PLAINTIFF'S MOTION TO REVIEW TAXATION OF COSTS**
_____

**Blackburn, J.**

      The matters before me are (1) **Plaintiff's Motion to Review Taxation of
Costs** [#103], filed February 23, 2007; (2) defendants' **Motion to Strike Plaintiff's
Motion to Review Taxation of Costs as Untimely** [#104], filed March 1, 2007; and (3)
**Plaintiff's Motion For Enlargement of Time** [#109], filed March 6, 2007.  I deny
plaintiff's motion to waive payment of costs under Rule 54(d), and, thus, deny the other
two motions as moot.

      On January 12, 2007, I granted defendants' motion for summary judgment in this
matter and ordered that defendants be awarded their costs.  (**See Order Granting
Defendants' Motion For Summary Judgment** at 8 [#98], filed January 12, 2007.)
Following the entry of judgment, defendants filed their proposed bill of costs on January

29, 2007.  The Clerk of the Court subsequently taxed costs against plaintiff in the amount of $2,615.70.  Plaintiff asks that costs be denied because he is indigent.  In response to defendants' request that I strike plaintiff's motion as untimely filed, plaintiff seeks an extension of the deadline on the basis of excusable neglect.

I need not determine whether plaintiff is entitled to an extension of the filing deadline, however, because even if he is, he has not shown that costs should be denied in this case.  Rule 54(d)(1) creates a presumption that costs are to be awarded to the prevailing party in the action.  *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004); *Yarbrough v. Denver Public Library*, 2007 WL 707458 at *1 (D. Colo. March 6, 2007) (citing *Cantrell v. International Brotherhood of Electrical Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 458-59 (10th Cir. 1995) (en banc)).  I have discretion in deciding whether costs should be taxed pursuant to Fed.R.Civ.P. 54(d)(1), *see Allison v. Bank One – Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002), but that discretion is not unbounded.  Although indigency[1] is one circumstance that may justify a denial of costs, in this circuit, it is not sufficient in itself to overcome the presumption created by Rule 54(d)(1).  *See Smith v. Blue Cross/Blue Shield, Inc.*, 184 F.R.D. 634, 636 (D. Kan. 1999).  Rather, because denial of costs "is in the nature of a severe penalty, . . . there must be some apparent reason to penalize the prevailing party if costs are to be denied."  *Rodriguez*, 360 F.3d at 1190 (citations and internal

---

[1] Even if the fact of indigence were alone sufficient to justify a denial of costs, I do not believe plaintiff has presented adequate evidence to establish his claim of indigency.  Other than stating the bare conclusion that he is indigent, plaintiff's affidavit shows only that he has a gross income of $1331.00 a month.  (Plf. Motion App., Exh. A at 1, ¶ 2.)  In the absence of further proof regarding plaintiff's expenses, obligations, and assets, this evidence does not establish an inability to pay the costs awarded.  *See Smith v. Blue Cross/Blue Shield, Inc.*, 184 F.R.D. 634, 636 (D. Kan. 1999).

quotation marks omitted).  The burden is on plaintiff to demonstrate why defendants should be so penalized.  *Id*.  This he has not done.

      **THEREFORE, IT IS ORDERED** as follows:

      1.  That **Plaintiff's Motion to Review Taxation of Costs** [#103], filed February 23, 2007, is **DENIED**;

      2.  That defendants' **Motion to Strike Plaintiff's Motion to Review Taxation of Costs as Untimely** [#104], filed March 1, 2007, is **DENIED AS MOOT**; and

      3.  That **Plaintiff's Motion For Enlargement of Time** [#109], filed March 6, 2007, is **DENIED AS MOOT**.

      Dated April 5, 2007, at Denver, Colorado.

                     **BY THE COURT:**

                     **s/ Robert E. Blackburn**
                     **Robert E. Blackburn**
                     **United States District Judge**